IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY LUNDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-22-699-F |
| | ) |
| HL MOTOR GROUP, INC., | ) |
| HIGHLIGHT MOTOR FREIGHT | ) |
| USA, INC., OLD REPUBLIC | ) |
| INSURANCE COMPANY, and | ) |
| OGNJEN MILANOVIC, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The court is in receipt of defendants' Notice of Removal (Notice). Doc. no. 1. The alleged basis for the court's exercise of subject matter jurisdiction is diversity jurisdiction, 28 U.S.C. § 1332. *Id*. at ¶ 15. However, the jurisdictional allegations in the Notice are insufficient to establish diversity jurisdiction.[1]

The Notice alleges: "For purposes of determining diversity jurisdiction, Highlight Motor Freight USA, Inc. is a citizen of New Jersey." Doc. no. 1, ¶ 8. While the Notice alleges that Highlight Motor Freight USA, Inc. is a citizen of New Jersey, it fails to specifically identify the state where defendant has been incorporated and where it has its principal place of business. For diversity jurisdiction purposes, a corporation is deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business.

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

28 U.S.C. § 1332(c)(1). The Notice must provide the state or states of incorporation and the state of the principal place of business for Highlight Motor Freight USA, Inc.

Next, the Notice alleges: "For purposes of determining diversity jurisdiction, Old Republic Insurance Company is a citizen of Ontario, Canada." Doc. no. 1, ¶ 9. Although the Notice alleges that defendant is a citizen of Ontario, Canada, it is not clear from the Notice what type of business entity defendant is. Defendant's citizenship depends on the type of business entity it is, *i.e.*, corporation, unincorporated association, general partnership, limited partnership, or limited liability company. If defendant is a corporation, the Notice must, as discussed, identify the state where defendant has been incorporated and the state where defendant has its principal place of business. If defendant is an unincorporated association, general partnership, limited partnership, or limited liability company, its citizenship is determined by all its members or partners, and the Notice must identify all defendant's members or partners and the state or states of citizenship of those members or partners. *See*, Americold Realty Trust v. Conagra Foods, Inc., 577 U.S. 378, 381 (2016); Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990); Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018). Also, if any partner or member of defendant is itself a business entity, the Notice must trace the citizenship of that member or partner down through however many layers there may be. *See*, Gerson v. Logan River Academy, 20 F.4th 1263, 1269, n. 2 (10th Cir. 2021). Further, if any member or partner is an individual, the Notice must allege the state of citizenship, as opposed to the state of residence, for that individual.

Accordingly, defendants are **DIRECTED** to file an amended notice of removal, within ten days of the date of this order, which provides the missing

jurisdictional information regarding defendants Highlight Motor Freight USA, Inc. and Old Republic Insurance Company.[2]

Failure to comply with this order may result in the remand of the action to state court.

IT IS SO ORDERED this 16th day of August, 2022.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0699p001.docx

---

[2] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Court of Appeals, after a case has run its entire course in the District Court, to remand a case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.