**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

RANDY LUNDY,

Plaintiff,

-vs-

HL MOTOR GROUP, INC., HIGHLIGHT MOTOR FREIGHT USA, INC., OLD REPUBLIC INSURANCE COMPANY, and OGNJEN MILANOVIC,

Defendants.

Case No. CIV-22-699-F

---

FARMERS MUTUAL FIRE INSURANCE COMPANY OF OKARCHE,

Plaintiff,

v.

HL MOTOR GROUP, INC. and OGNJEN MILANOVIC,

Defendants.

Case No. CIV-22-752-F

**ORDER**

Defendants have moved to consolidate the above-entitled actions into a single action pursuant to Rule 42(a), Fed. R. Civ. P., and LCvR3.7. Plaintiffs have not

responded in opposition to the motions within the time prescribed by LCvR7.1(g). As a result, the court, in its discretion, deems the motion confessed.

Rule 42 authorizes the district court to consolidate actions that "involve a common question of law or fact." Rule 42(a)(2), Fed. R. Civ. P. In addition, it may "issue any other orders to avoid unnecessary cost or delay." Rule 42(a)(3), Fed. R. Civ. P. The decision to consolidate actions is left to the sound discretion of the district court. *See*, Shump v. Balka, 574 F.2d 1341, 1346 (10th Cir. 1978). In deciding whether to consolidate the actions, the court considers both judicial economy and fairness to the parties. *See*, Harris v. Illinois-California Express, Inc., 687 F.2d 1361, 1368 (10th Cir. 1982).

The court is satisfied that both actions involve a common question of law and fact. Both actions arise from an August 8, 2020 collision in which a tractor-trailer operated by defendant Ognjen Milanovic collided with residential property owned or insured by plaintiffs. Plaintiffs seek to recover damages under negligent theories of liability. Defendants raise similar affirmative defenses to plaintiffs' claims.

However, after reviewing the pleadings and record, the court declines to consolidate the actions for all purposes, including trial. The court is satisfied that consolidation of the actions for discovery purposes will promote the interests of judicial efficiency and eliminate duplication of discovery. An order setting these cases for a telephonic status and scheduling conference will be issued separately. The court intends to set both cases on a similar schedule. If, upon completion of discovery, any party believes that the cases should be consolidated for trial purposes, the party may file a motion to consolidate. The court believes, at that stage, it will have a better view of whether these cases should be tried together.

Accordingly, the Motion to Consolidate Companion Cases filed in Case No. CIV-22-699-F (doc. no. 12) and in Case No. 22-752-F (doc. no. 13) are **GRANTED**

**in part** and **DENIED in part**. The cases are consolidated for discovery purposes only. After completion of discovery, any party may file a motion to consolidate the cases for trial purposes.

IT IS SO ORDERED this 31st day of October, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0699p004.docx