UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY LUNDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 5:22-cv-00699-F |
| | ) |
| HL MOTOR GROUP, INC., | ) |
| HIGHLIGHT MOTOR FREIGHT USA, INC., | ) |
| OLD REPUBLIC INSURANCE COMPANY | ) |
| and OGNJEN MILANOVIC, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT

Defendants, HL Motor Group, Inc. ("Highlight"), Highlight Motor Freight USA, Inc., Old Republic Insurance Company ("Old Republic") and Ognjen Milanovic ("Mr. Milanovic"), by their attorneys, Lewis Brisbois Bisgaard & Smith LLP, for their Answer and Affirmative Defenses to the Plaintiff's Complaint, state as follows:

1. On or about August 8, 2020, in or near Oklahoma City, Oklahoma, Ognjen Milanovic, an employee, agent or servant of Defendants HL Motor Group, Inc., and/or Highlight Motor Freight USA, Inc., while driving a semi-tractor trailer rig carelessly and recklessly left the Interstate Highway and collided with Plaintiffs residential property, causing significant property damage and other losses.

**ANSWER:** Defendants admit that Mr. Milanovic, while an employee of Highlight, was operating Highlight's vehicle at the time of the incident giving rise to this action but deny the remaining averments contained in Paragraph 1 of plaintiff's Complaint.

2. The collision was the direct result of the careless, reckless, wanton and grossly negligent actions and omissions of Defendants HL Motor Group, Inc.'s, and/or Highlight Motor Freight USA, Inc.' s, employee, agent or servant, whose conduct was life-threatening to members of the public. Plaintiff is entitled to recover actual damages from

Defendants. In addition, Defendants Ognjen Milanovic, HL Motor Group, Inc., and/or Highlight Motor Freight USA, Inc., should be punished for his/its/their acts and omissions to make an example of Defendants so that it and others do not repeat the same wanton and life-threatening conduct.

**ANSWER:** Defendants deny the averments contained in Paragraph 2 of plaintiff's Complaint.

3. Defendants HL Motor Group, Inc., and/or Highlight Motor Freight USA, Inc., carelessly, negligently, and wantonly entrusted its employee, agent or servant with the large commercial vehicle he was operating, knowing that he was a careless, reckless or incompetent driver and/or with no regard to his skills and experience as a driver. Therefore, Defendants HL Motor Group, Inc., and/or Highlight Motor Freight USA, Inc., are directly liable for Plaintiffs property damages and other losses as well as punitive damages.

**ANSWER:** Defendants deny the averments contained in Paragraph 3 of plaintiff's Complaint.

4. Defendants HL Motor Group, Inc.'s, and/or Highlight Motor Freight USA, Inc.'s, driver was in the course and scope of his employment or agency relationship with Defendants at the time of the collision. Therefore, Defendants are liable for Plaintiffs property damages and other losses as well as punitive damages.

**ANSWER:** Defendants admit that Mr. Milanovic, while an employee of Highlight, was operating Highlight's vehicle at the time of the incident giving rise to this action but deny the remaining averments contained in Paragraph 4 of plaintiff's Complaint.

5. Defendants HL Motor Group, Inc., and/or Highlight Motor Freight USA, Inc., negligently hired, retained, trained and/or supervised its driver.

**ANSWER:** Defendants deny the averments contained in Paragraph 5 of plaintiff's Complaint.

6. Defendants HL Motor Group, Inc., and/or Highlight Motor Freight USA, Inc., negligently permitted and/or required its driver to be distracted during his operation of the company vehicle by equipping its driver and/or the vehicle with one or more devices known to distract drivers during operation of the company's vehicles.

**ANSWER:** Defendants deny the averments contained in Paragraph 6 of plaintiff's Complaint.

7. As a direct result of the conduct of Defendants as described herein and to be discovered during the pendency of this litigation, Plaintiff sustained significant property damages and other losses.

**ANSWER:** Defendants deny the averments contained in Paragraph 7 of plaintiff's Complaint.

8. Upon information and belief, Defendant Old Republic Insurance Company is a foreign insurance company and is directly liable for the damages sustained to Plaintiffs property damage pursuant to the Oklahoma Motor Carrier Act. See 47 O.S. § 230.30 and/or 47 O.S. § 169.

**ANSWER:** Defendants admit that Old Republic is a foreign insurance company and make no answer to the remaining averments of Paragraph 8 of plaintiff's Complaint, since it states conclusions of law rather than allegations of fact that can be admitted or denied. To the extent those conclusions are deemed to be averments of fact, defendants deny the same.

WHEREFORE, Defendants, HL Motor Group, Inc., Highlight Motor Freight USA, Inc., Old Republic Insurance Company and Ognjen Milanovic, deny that they are liable to the plaintiff in any amount whatsoever, and pray that judgment be entered in its favor, and against the plaintiff, on plaintiff's Complaint, and awarding their costs incurred in defending this action.

## Affirmative Defenses

For their Affirmative Defenses to Plaintiff's Complaint, Defendants, HL Motor Group, Inc. ("Highlight"), Highlight Motor Freight USA, Inc., Old Republic Insurance Company and Ognjen Milanovic ("Mr. Milanovic"), state as follows:

### First Affirmative Defense – Unavoidable Accident

1. On August 8, 2020, Mr. Milanovic, while employed by and driving a Highlight tractor-trailer, lost consciousness as the result of a sudden medical emergency (the "incident").

2. As a result of the loss of consciousness, Mr. Milanovic was unable to operate his vehicle.

3. The sudden loss of consciousness made it impossible for Mr. Milanovic to operate and control his vehicle.

4. At the time of the incident, Mr. Milanovic had no reason to anticipate that he could or would experience a sudden loss of consciousness.

5. Prior to the incident, Mr. Milanovic had never experienced a sudden loss of consciousness.

6. Prior to the incident, Mr. Milanovic, who was a licensed commercial driver, passed every Commercial Driver Medical Certification Examination ("CDME") that he was required to take.

7. On August 8, 2020, Mr. Milanovic was up to date on his required CDME and certified as fit to drive.

8. At the time of the incident, Mr. Milanovic's vehicle was not traveling in excess of the mandatory speed limit nor was he violating any statute, rule, regulation or operating procedure.

9. In the event defendants are found to be negligent, which allegations are specifically denied, then defendants will prove that said negligence is excused by actions not of defendants own making, including but not limited to, the occurrence of an Unavoidable Accident.

10. Pursuant to Oklahoma law, when the operator of a motor vehicle is suddenly stricken by a period of unconsciousness for which he has no reason to anticipate and which renders it impossible for him to control the vehicle that he is operating, the driver is not chargeable with negligence or negligence *per se* as to such lack of control.

11. Pursuant to Oklahoma law, the Unavoidable Accident Defense is a complete defense to an action based on the asserted negligence of a defendant driver of a motor vehicle.

12. As such, the Unavoidable Accident that rendered Mr. Milanovic unconscious, which was unforeseeable, bars plaintiffs' claims against defendants.

### Second Affirmative Defense

13. Plaintiff avers a negligence claim against Highlight for failing to act reasonably in hiring, instructing, training, supervising and retaining Mr. Milanovic.

14. As a matter of law, by enrolling in a license-monitoring program, Highlight exercised reasonable care in monitoring Mr. Milanovic's driving record as required by 49 CFR 391.25 to determine whether she met the minimum requirement for safe driving.

### Third Affirmative Defense – Punitive Damages

15. Plaintiff avers that he is entitled to punitive damages.

16. Defendants deny that plaintiff is entitled to punitive relief whatsoever and deny they acted in a reckless, deliberate, malicious, conscious disregard, wanton and/or willful manner relative to plaintiff.

### Additional Affirmative Defenses

17. Defendants rely on all defenses, limitations and set offs provided under law including all defenses available under Oklahoma and Federal statutes, rules, regulations and procedures.

18. Defendants reserve the right to submit additional and/or supplemental affirmative defenses to this action which may become known to defendants during the course of investigation, discovery and/or trial of this matter.

WHEREFORE, Defendants, HL Motor Group, Inc., Highlight Motor Freight USA, Inc., Old Republic Insurance Company and Ognjen Milanovic, request that judgment be entered in their favor and against the plaintiff on their Affirmative Defenses.

| | |
|---|---|
| Michael T. Franz<br>Lewis Brisbois Bisgaard & Smith<br>550 West Adams Street<br>Suite 300<br>Chicago, Illinois 60661<br>Michael.Franz@lewisbrisbois.com<br>(312) 463-3329 Phone<br>(312) 345-1776 Facsimile<br><br>Date: August 26, 2022<br><br>*Attorneys for Defendants*<br>75944-45 | Respectfully submitted,<br><br>HL Motor Group, Inc., Highlight Motor Freight USA, Inc., Old Republic Insurance Company and Ognjen Milanovic,<br><br><br><br>By: /s/ *Michael T. Franz*<br>       One of Defendants' Attorneys |

## Certificate of Service

I hereby certify that I electronically filed Defendants' Answer and Affirmative Defenses via the ECF Filing System and that a true and correct copy will be served electronically to all attorney(s) of record.

/s/ *Michael T. Franz*