IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY LUNDY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HL MOTOR GROUP, INC., HIGHLIGHT MOTOR FREIGHT USA, INC., OLD REPUBLIC INSURANCE COMPANY and OGNJEN MILANOVIC,<br><br>　　　　Defendants. | Case No. 5:22-CV-00699-F |
| FARMERS MUTUAL FIRE INSURANCE COMPANY OF OKARCHE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HL MOTOR GROUP, INC., and OGNJEN MILANOVIC,<br><br>　　　　Defendants. | Case No. 5:22-CV-00752-F |

### AFFIDAVIT OF DAVID J. FLETCHER, M.D.

I, David J. Fletcher, M.D., under penalties as provided by law pursuant to the Federal Rules of Civil Procedure, certify that the statements set forth herein are true and correct and that, if called upon to testify in the above-captioned case, I could competently testify to the following statements based upon my personal knowledge.

1. I am a licensed M.D. and have been so, without interruption, since 1981.

2. In 1980, I received a M.D. from Rush Medical College in Chicago, Illinois.

3. In 1982 I received an MPH (Masters in Public Health) from the University of California, Berkeley, School of Public Health.

4. I am board-certified in the following two American Board of Medical Specialties (ABMS), Occupational Medicine and Preventive Medicine and Public Health.

5. I am also a certified: Medical Review Officer (Drug Testing/Addiction Medicine); Substance Abuse Professional (SAP); Federal Aviation Administration Senior Medical Examiner; and, examiner for the National Registry of Certified Medical Examiners (NRCME) to conduct Commercial Motor Vehicle Medical Exams.

6. Currently, I am the Medical Director and Chief Executive Officer of SafeWorks Illinois, a private occupational medicine practice located in Champaign, Illinois, where I have admitting privileges at the local hospital OSF Heart of Mary Medical Center (HMMC).

7. Along with my full-time clinical practice, I also perform medical-legal consultation and I have been retained by both plaintiffs and defendants throughout the United States.

8. I have been retained by the defendants in the aforementioned matter to review the medical records of Defendant, Ognjen Milanovic ("Mr. Milanovic"), and offer an opinion as to the nature and extent of his claimed sudden loss of consciousness resulting in an August 8, 2020 motor vehicle accident (the "accident").

9. Mr. Milanovic's claimed sudden loss of consciousness is a clinical issue that I have experience with and have performed examinations, diagnosis and treatments in my clinical practice and medical-legal consultation practice.

10. All of the following opinions stated herein are based on my experience, review of post-accident medical records and Mr. Milanovic's deposition testimony.

11. There are no pre-accident or post-accident medical records showing or providing any basis that Mr. Milanovic had a pre-existing medical condition that caused the sudden loss of consciousness.

12. Prior to the accident, Mr. Milanovic had never experienced a syncopal episode, also known as a loss of consciousness, related to dehydration.

13. Prior to the accident, Mr. Milanovic had never experienced any syncopal episode.

14. At the time of the accident, Mr. Milanovic was fit and medically qualified to operate a commercial motor vehicle and had been so for at least 3 years.

15. At the time of the accident, Mr. Milanovic had not exceeded the mandatory hours of service requirements for a commercial truck driver.

16. At the time of the accident, there were no drugs or alcohol in Mr. Milanovic's system.

17. At the time of the accident, Mr. Milanovic did not have Obstructive Sleep Apnea (OSA).

18. At the time of the accident, Mr. Milanovic was not experiencing any symptoms that would indicate a problem related to his heart, respiratory or any other body system.

19. There is no evidence that, at the time of the accident, Mr. Milanovic had a seizure.

20. At the time of the accident, Mr. Milanovic suddenly and without warning became unconscious and incapacitated as a result of dehydration at temperatures in excess of 90°F, causing a classic heat-related acute illness and loss of consciousness.

21. As a result of the loss of consciousness, Mr. Milanovic was unable to control his vehicle, consciously act or have the ability to weigh alternatives regarding the impending danger of operating a commercial motor vehicle.

22. Symptoms indicating that Mr. Milanovic experienced a sudden loss of consciousness and incapacitation due to a classic heat-related acute illness included: urine test results showing a concentrated specific gravity of 1.40; evidence of electrotype imbalance; low serum potassium and chloride levels; tachycardiac with ventricular rates greater than 150 b/p/m; elevated blood pressure; and, normal blood glucose levels.

23. Mr. Milanovic's early discharge from the Emergency Room is also significant because he did not have a medical condition requiring on-going medical supervision and monitoring and that the acute effects from dehydration had dissipated upon his receipt of intravenous fluids and the return to normal of his Glasgow Score showing that he no longer had an altered mental status.

_____
David J. Fletcher, M.D.