IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY LUNDY, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No: 5:22-cv-00699-F ) |
| HL MOTOR GROUP, INC. and OGNJEN MILANOVIC, | ) ) ) ) |
|     Defendants. | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Defendants, HL Motor Group, Inc., Highlight Motor Freight USA, Inc. ("Highlight"), Ognjen Milanovic ("Mr. Milanovic") and Old Republic Insurance Company, by their attorneys, Lewis Brisbois Bisgaard & Smith LLP, pursuant to Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56.1, for their response to Plaintiff's, Randy Lundy, Motion for Summary Judgment and Brief in Support (the "Motion"), state as follows:

### Statement of Undisputed Material Facts

1. On August 8, 2020, Mr. Milanovic, while an employee of and operating a tractor trailer owned by Highlight, was involved in an accident causing property damage for which plaintiff paid pursuant to a policy of insurance. (*See* Exhibit 1).

2. Plaintiff averred allegations of negligence and seeks actual and punitive damages against defendants. (*Id.*).

1

3. In Answer, defendants admitted that Mr. Milanovic was involved in the accident during the course and scope of his employment with Highlight, denied all material averments and asserted the unavoidable accident defense caused by a sudden incapacitating illness or unconsciousness. (*See* Exhibit 2).

4. In his deposition, Mr. Milanovic testified that he did not recall anything from the accident. (*See* Exhibit 3, 54:15-18). Mr. Milanovic further testified that he was in good health, had no prior medical condition that had caused him to become unconscious in the past, and had no history of losing consciousness. (*Id.*, 26:9-16; 68:8-23; 77:8-24).

5. Mr. Milanovic had no unusual symptoms that would have indicated a likelihood of losing consciousness including no reports of weakness, dizziness, blurry vision or headaches. (*Id.*, 101:23 – 102:9).

6. Around the time of the accident and prior to losing consciousness, the last thing Mr. Milanovic recalled was that he planned to make a stop and did not "remember being fatigued or thirsty." (*Id.*, 116:1-6).

7. Mr. Milanovic had no recollection of the accident or being transported to the hospital and his first memory following the accident was not until hours after. (*Id.*, 54:15 – 55:3).

8. Mr. Milanovic did not fall asleep at the wheel. (*Id.*, 65:22-25). While in the hospital immediately after the accident, someone told Mr. Milanovic that he had lost consciousness prior to his truck going off the road. (*Id.*, 69:9 – 70:13; 74:1-15; 117:21 – 118:2). Mr. Milanovic did not know what medical event caused him to become unconscious. (*Id.*, 118:12-23).

10. By way of Affidavit, Defendants' disclosed Expert Witness, David J. Fletcher, M.D., offered uncontradicted testimony as to the nature and extent of Mr. Milanovic's claimed sudden loss of consciousness.[1] (*See* Exhibit 4).

11. As testified to by Dr. Fletcher, "At the time of the accident, Mr. Milanovic suddenly and without warning became unconscious and incapacitated as a result of dehydration at temperatures in excess of 90°F, causing a classic heat-related acute illness and loss of consciousness." (*Id.* ¶20).

12. Dr. Fletcher further testified that, "As a result of the loss of consciousness, Mr. Milanovic was unable to control his vehicle, consciously act or have the ability to weigh alternatives regarding the impending danger of operating a commercial motor vehicle." (*Id.* ¶21).

13. In support of these uncontradicted statements, Dr. Fletcher testified that, there are no medical records providing any basis that Mr. Milanovic had a pre-existing medical condition that caused the sudden loss of consciousness (*Id.* ¶11) and that, prior to the accident, Mr. Milanovic had never experienced a syncopal episode. (*Id.* ¶¶12, 13).

14. In further support of his opinions, Dr. Fletcher testified that:

> At the time of the accident, Mr. Milanovic was fit and medically qualified to operate a commercial motor vehicle and had been so for at least 3 years. (*Id.* ¶14);
>
> At the time of the accident, Mr. Milanovic had not exceeded the mandatory hours of service requirements for a commercial truck driver. (*Id.* ¶15);
>
> At the time of the accident, there were no drugs or alcohol in Mr. Milanovic's system. (*Id.* ¶16);

---

[1] Plaintiff did not disclose an expert witness pursuant to FRCP 26(2)(B) nor request Dr. Fletcher's deposition.

At the time of the accident, Mr. Milanovic did not have Obstructive Sleep Apnea (OSA). (*Id.* ¶17);

At the time of the accident, Mr. Milanovic was not experiencing any symptoms that would indicate a problem related to his heart, respiratory or any other body system. (*Id.* ¶18);

There is no evidence that, at the time of the accident, Mr. Milanovic had a seizure. (*Id.* ¶19);

Symptoms indicating that Mr. Milanovic experienced a sudden loss of consciousness and incapacitation due to a classic heat-related acute illness included: urine test results showing a concentrated specific gravity of 1.40; evidence of electrotype imbalance; low serum potassium and chloride levels; tachycardiac with ventricular rates greater than 150 b/p/m; elevated blood pressure; and, normal blood glucose levels. (*Id.* ¶22); and,

Mr. Milanovic's early discharge from the Emergency Room is also significant because he did not have a medical condition requiring on-going medical supervision and monitoring and that the acute effects from dehydration had dissipated upon his receipt of intravenous fluids and the return to normal of his Glasgow Score showing that he no longer had an altered mental status. (*Id.* ¶23).

## **Standard of Review**

Summary judgment is appropriate if the record shows "there is no genuine issue as to any material fact and… the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A disputed fact is "material" if it might affect the outcome of the suit under the governing law and the dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-1072 (10th Cir. 1998).

**Argument**

The evidence demonstrates that, at the very least, there is a question of fact as to whether Mr. Milanovic had a syncopal episode and sudden medical emergency causing the accident, and as to whether that the sudden medical emergency was foreseeable. Other than mere conjecture and speculation, plaintiff has not shown any evidence contradicting this. As such, plaintiff's Motion should be denied.

I.   **Plaintiff Improperly Relies On Non-Evidentiary Exhibits In Support Of Its Motion.**

As required by Federal Rule of Civil Procedure 56(c)(1), "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

FRCP 56(c)(1). Moreover, "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FRCP 56(c)(2).

Here, plaintiff submits six exhibits in support of its Motion. [*See* Doc. 23]. Three of those exhibits are admissible in evidence and thus can be considered by the Court on plaintiff's Motion. [*See* Doc. 23-2, Doc. 23-3 and Doc. 23-4]. However, despite plaintiff's contention, those exhibits do not show that there is no genuine issue of material fact. At the very least, they show a question of fact as to whether a sudden medical emergency occurred.

5

Moreover, the other three exhibits are not presented in a form that would be admissible in evidence as they are unverified and lacking any foundation for admissibility:

Exhibit 1 is an Oklahoma Traffic Collision Report [*See* Doc. 23-1];

Exhibit 5 is Driver Log Report [*See* Doc. 23-5]; and,

Exhibit 6 is an email chain between plaintiff and defense counsel. [*See* Doc. 23-6].

In essence, plaintiff has offered no evidence in support of the Motion and, for this reason alone, its request for judgment should be denied.

## II.     **Defendants Have Established The Unavoidable Accident Defense.**

In Oklahoma, the unavoidable accident defense is recognized as a complete defense to negligence. *Bowers v. Wimberly*, 1997 OK 24, 933 P.2d 312, 314 (Okla. 1997) ("Unavoidable accident by reason of sudden incapacitating illness or unconsciousness, if not foreseeable, is a defense to negligence."). This affirmative defense is available when "an operator of a motor vehicle, who, while driving, becomes suddenly stricken by a fainting spell or loses consciousness from an unforeseen cause, and is unable to control the vehicle." *Id.* quoting *Parker v. Washington*, 421 P.2d 861, 866 (Okla. 1966). It is the defendant's burden of proof to show that the sudden unconsciousness caused the accident and that the episode was not foreseeable. *Id*.

**III.   There Is No Evidence Contradicting The Testimony That Mr. Milanovic Experienced An Unforeseeable Sudden Loss Of Consciousness Rendering Him Unable To Control His Vehicle.**

Here, it is unrefuted that Mr. Milanovic had a sudden loss of consciousness that led to his inability to maneuver his vehicle.  This fact is supported by his own testimony (*See* Exhibit 3, 65:22-25; 69:9 – 70:13; 74:1-15; 117:21 – 118:2), and by Dr. Fletcher who testified that, based upon a reasonable degree of medical certainty and probability, Mr. Milanovic suffered a heat-related acute illness causing a sudden loss of consciousness preventing him from controlling his vehicle. (*See* Exhibit 4, ¶¶20, 21). Both Mr. Milanovic's and Dr. Fletcher's testimony is unrefuted by plaintiff.  As such, there is no dispute as to the first element of defendants' unavoidable accident defense, that Mr. Milanovic had a sudden loss of consciousness that caused the subject accident.

**IV.   Uncontradicted Evidence Shows that Mr. Milanovic's Sudden Unconsciousness Was Unforeseeable.**

As set forth by the Oklahoma Supreme Court, defendants have the burden of proof to demonstrate that Mr. Milanovic had no reason to anticipate or foresee his sudden loss of consciousness.  *See Bowers*, 933 P.2d at 314 (Okla. 1997).  Here, the uncontradicted evidence demonstrates that neither Mr. Milanovic nor Highlight had any reason to anticipate or foresee the sudden loss of consciousness.  (*See* Exhibits 3 and 4).

Unlike here, the Oklahoma Supreme Court rejected an argument of unforeseeability where there was testimony that the defendant had two prior fainting spells. *Parker v. Washington*, 421 P.2d 861, 866 (Okla. 1966). In contrast, the testimony in this case revealed no prior loss of consciousness.  (*See* Exhibit 3, 26:9-16; 68:8-23; 77:8-24).

The lack of unforeseeability is supported by Dr. Fletcher's testimony that Mr. Milanovic was fit and a medically qualified driver at the time of and prior to August 8, 2020 and that there was no evidence of any pre-existing medical conditions that caused the subject accident. (*See* Exhibit 4).

As testified to by Dr. Fletcher and uncontradicted by plaintiff, "Mr. Milanovic suddenly and without warning became unconscious and incapacitated" (*Id.* ¶20) and that "there are no pre-accident or post-accident medical records showing or providing any basis that Mr. Milanovic had a pre-existing medical condition that caused the sudden loss of consciousness." (*Id.* ¶11). Moreover, no other medical condition or explanation was uncovered. (*Id.* ¶¶12-19).

## Conclusion

The uncontradicted evidence shows that, at the very least, there is a question of fact as to whether Mr. Milanovic suffered from a sudden loss of consciousness causing the accident and plaintiff's damages or as to whether that the sudden medical emergency was foreseeable. Plaintiff's contrary argument is based on conjecture, purely speculative and inadmissible.

Because plaintiff has not established that there is no genuine issue as to any material fact, plaintiff is not entitled to judgment as a matter of law. As such, plaintiff's Motion should be denied

WHEREFORE, Defendants, HL Motor Group, Inc., Highlight Motor Freight USA, Inc., Ognjen Milanovic and Old Republic Insurance Company, respectfully request that this Honorable Court deny Plaintiff's, Farmers Mutual Fire Insurance Company of Okarche, Motion for Summary Judgment and Brief in Support.

    Respectfully submitted,

    HL Motor Group, Inc., Highlight Motor Freight USA, Inc., Ognjen Milanovic and Old Republic Insurance Company,

    By: /s/ *Michael T. Franz*
    One of Defendants' Attorneys

Michael T. Franz
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street
Suite 300
Chicago, Illinois 60661
(312) 463-3329
Michael.Franz@lewisbrisbois.com

Date: June 19, 2023

*Attorneys for Defendants*

75944-45