**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RANDY LUNDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:22-cv-00699-F |
| | ) | |
| HL MOTOR GROUP, INC., | ) | |
| HIGHLIGHT MOTOR FREIGHT USA, INC., | ) | |
| OLD REPUBLIC INSURANCE COMPANY, | ) | |
| and OGNJEN MILANOVIC, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF RANDY LUNDY'S RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

COMES NOW Plaintiff Randy Lundy, pursuant to Fed.R.Civ.P. 56 and LCvR 56.1, and for his Response to Defendants' Motion for Summary Judgment (Doc. 22), shows the Court that Defendants' Motion must be denied and judgment entered herein for Plaintiff.

**RESPONSE TO DEFENDANTS' STATEMENT
OF UNDISPUTED MATERIAL FACTS**

Plaintiff does not dispute Defendants' Statement of Undisputed Fact Nos. 1 – 5, 8, and the last sentence of No. 9. Plaintiff disputes the remaining Facts as follows:

6.   Plaintiff admits Defendant Milanovic so testified. Such testimony, denying unusual symptoms immediately prior to the collision, must be taken in the context of his other testimony that he has "no recollection of that day at – whatsoever" (Milanovic Depo., Ex. 1, 60: 21-22); he does not know when he lost consciousness (before or after the collision) (Milanovic Depo., Ex. 1, 66: 5-11); he doesn't *think* he fell asleep (Milanovic

1

Depo., Ex. 1, 73: 17-20); and the last thing he remembers is trying to find a place to take a break from driving (Milanovic Depo., Ex. 1, 94: 1-13 and 98: 17-21).

7.  Similarly, Plaintiff admits Milanovic so testified, i.e., that he did not *remember* being fatigued or thirsty but his other testimony, cited above, provides greater context to his self-serving denial of being thirsty or fatigued.[1]

9.  Defendants misquote Milanovic regarding falling asleep at the wheel. In the cited testimony, Milanovic states he does not *think* he fell asleep. Plaintiff objects to inadmissible hearsay, i.e., what an unknown person may have told Milanovic at the hospital. Fed.R.Civ.P. 56(c)(2). It is telling that Defendants provide the Court no hospital record regarding the cause of Milanovic running off the road.

10. – 13.  Plaintiff does not dispute that the Affidavit of defense expert, Dr. Fletcher, contains the statements relied upon by Defendants. However, as discussed below, Dr. Fletcher's opinion that Milanovic lost consciousness due to dehydration, if believed, does not support the "unavoidable accident" defense. To the contrary, if Milanovic was so extremely dehydrated he lost consciousness while driving an 18-wheeler at highway speed, Defendants have conceded the accident was "100% avoidable." See Lundy Motion for Summary Judgment [Doc. 23, Undisputed Fact No. 8].

---

[1] It should be noted that the absence of Milanovic feeling thirsty or fatigued severely discredits Defendants' expert's opinion that Milanovic lost consciousness due to dehydration. Defendants V.P. of Safety, Alexander Saitov, testified that in his experience in the trucking industry "only extreme level of dehydration would lead to the condition where he is not able to operate the vehicle safely."

## ARGUMENT AND AUTHORITY

Lundy has presented his detailed arguments and authority in his own Motion for Summary Judgment. See Doc. 23. In the interests of efficiency, Lundy adopts and incorporates such arguments and authority here. Taking at face value Dr. Fletcher's opinion – that Milanovic became dehydrated on a hot August day while driving a truck for 12 hours in the Missouri and Oklahoma heat – the question to be answered is whether driving while dehydrated is an "unavoidable accident." That is, after all, the name that Oklahoma courts have given the affirmative defense upon which Defendants rely. Both common sense and the testimony of Defendants' driver and its corporate representative and V.P. of Safety answer that question. Driver Milanovic admits being aware of the heat during his trip and that the truck's air conditioner was not "as good as it should be." He knew it was his responsibility to stay properly hydrated and that continuing to drive while dehydrated would result in an accident like this one. Defendants' V.P. of Safety and designated corporate representative Saitov testified repeatedly in deposition that driver dehydration is "100 percent avoidable," "absolutely preventable," and "absolutely not acceptable." Further establishing this point, the V.P. of Safety disagreed with his own expert, asserting it is "not possible" Milanovic was dehydrated because he took a mandatory break three hours before the collision. In other words, the V.P. of Safety, even when told in deposition that the asserted defense was dehydration, doubled down, presenting Defendants' corporate position that Milanovic himself was responsible for obtaining proper nutrition and fluids during available breaks. In short, Defendants agree dehydration to the point of losing

consciousness is a self-induced, as opposed to unavoidable or unpreventable, medical condition.

Conclusory statements by Defendants' expert suggesting that dehydration is unavoidable or unforeseeable are unavailing. The undisputed testimony *from Defendants* and sound logic defeat such contentions. Because Milanovic himself caused his physical state it is unnecessary to debate whether it is even credible that he "suddenly and without warning" lost consciousness due to heat-related dehydration.

To be clear, Plaintiff Lundy agrees with Defendants' V.P. of Safety that it is simply "not possible" for Milanovic to become so extremely dehydrated that his first symptom was loss of consciousness. Expert testimony on that point is unnecessary, particularly where Defendants' corporate representative aggressively urges that point. The investigating state trooper concluded that a "sleepy driver" was the cause of the collision, and that conclusion is certainly supported by the driver's log of a workday that began at 5:00 a.m. in central Illinois with continuous driving for 623 miles until the crash at 4:19 p.m. in Yukon, Oklahoma, with only a 45-minute break throughout that time. Milanovic himself testified he had "12 hours of hard driving" on a hot day with insufficient air conditioning before he lost control of the truck. It is clear the collision resulted from fatigue and/or dehydration. Either way, Defendants are liable for the resulting damage, in Lundy's case, $185,978.21, plus attorney's fees pursuant to 12 § 940. Therefore, Plaintiff Lundy requests that this Court deny Defendants' Motion (Doc. 22) and grant Plaintiff's Motion (Doc. 23).

Respectfully Submitted,


s/ Rodney D. Stewart_____
Rodney D. Stewart
OBA No. 15105
Attorney for Plaintiff Randy Lundy
STEWART LAW FIRM
801 N.W. 63rd Street, Suite 100
Oklahoma City, Oklahoma 73116
Telephone:  (405) 601-6060
Fax:  (405) 254-5118
E-Mail:  rds@rstewartlaw.com


## **CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2023, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to those registered participants of the ECF System.


s/ Rodney D. Stewart_____
Rodney D. Stewart