**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RANDY LUNDY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HL MOTOR GROUP, INC., )<br>HIGHLIGHT MOTOR FREIGHT USA, INC., )<br>OLD REPUBLIC INSURANCE COMPANY, )<br>and OGNJEN MILANOVIC, )<br>)<br>Defendants. ) | Case No. 5:22-cv-00699-F |

**PLAINTIFF RANDY LUNDY'S REPLY TO DEFENDANTS'**
**RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

Plaintiff Randy Lundy ("Lundy"), pursuant to LCvR 7.1, submits his Reply to Defendants Response [Doc. 24] to Lundy's Motion for Summary Judgment [Doc. 23] to address procedural irregularities and new matters raised in the Response.

First, in their Response, Defendants fail to comply with LCvR 56.1, requiring briefs in opposition to respond to each of the numbered Statement of Undisputed Material Facts set forth in Lundy's Motion. Thus, such material facts are deemed admitted. LCvR 56.1(e).

Second, in their Response, Defendants assert the Traffic Collision Report [Doc. 23-1], Driver Log Report [Doc. 23-5], and email between counsel [Doc. 23-6] are not "in a form that would be admissible in evidence as they are unverified and [lack] any foundation." Defendants misapply Fed.R.Civ.P. 56(c)(2), which merely allows for a party to object to "material [that] cannot be presented in a form that would be admissible in evidence." "At the summary judgment stage, evidence need not be submitted in a form that

1

would be admissible at trial," but "the content or substance of the evidence must be admissible." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006). Defendants do not argue that the *facts* contained in the Traffic Collision Report and relied upon by Lundy, particularly the basic collision details, ownership of the tractor-trailer rig, ownership of damaged property, trooper's observation of hours driven from the driver's electronic log record, and trooper's observation of a "sleepy driver," are not substantively admissible. Similarly, Defendants do not argue that the details derived from Defendants' own Driver Log Report are not admissible. Thus, Defendants have not and cannot establish that Lundy will be incapable at trial of presenting evidence of the facts relied upon in the two reports.[1]

Third, Defendants misstate Milanovic's testimony and the strength of Dr. Fletcher's opinion regarding "sudden loss of consciousness" while driving. Milanovic has readily admitted he does not know what happened. He *believes* he lost consciousness but does not know when relative to the collision. [Doc. 25-1, pg. 66]. He does not *think* he fell asleep. [Doc. 25-1, pg. 73].

---

[1] The purpose of Lundy citing the email between counsel [Doc. 23-6] is merely to call into question the legitimacy of the Answer-asserted affirmative defense that is now the central defense to the action. No document existed prior to Dr. Fletcher's retention by Defendants in January 2023 establishing the driver had a "sudden loss of consciousness" while driving. (Not even the *now* available medical records provide such evidence). Yet, Defendants declared that to be the case as early as August 26, 2022, in their Answer [Doc. 7, pg. 4]. Lundy believes the Court would permit robust cross-examination of Dr. Fletcher in the event a trial is necessary, particularly on the point of him adopting the medical-based affirmative defense posited by Defendants in their Answer at least five months before the medical records even became available.

Neither Defendants nor Dr. Fletcher point to a medical record (ambulance or ER report) indicating Milanovic lost consciousness while driving. The conclusion that Milanovic suffered a sudden loss of consciousness while driving stems solely from (1) Dr. Fletcher's adoption, as fact, of Milanovic's unconvincing testimony that he does not think he fell asleep, and (2) his observation of certain biochemical markers from urine and blood samples taken at the hospital where Milanovic was treated and released for his accident-related injuries. Dr. Fletcher does not point to any particular lab result or marker as evidence of an actual loss of consciousness while driving. Rather, Dr. Fletcher makes the extraordinary leap in logic that a few markers potentially consistent with dehydration must mean the driver suddenly and without warning became unconsciousness and incapacitated.[2] It is telling that Dr. Fletcher does not point to any specific lab result and opine, for example, that a person of Milanovic's age, height and weight would be unconscious or incapacitated at that result. Additionally, Dr. Fletcher does not attempt to explain, medically or otherwise, how a driver so overcome by dehydration that he suddenly lost consciousness would be otherwise asymptomatic from such dehydration right up until the second unconsciousness occurred.

Finally, Defendants completely fail to address in their Response how dehydration, a self-induced medical condition, if that occurred at all, meets the parameters of the

---

[2] As Plaintiff Farmers Mutual points out in Case 5:22-cv-00752-F, [Doc. 29, pgs. 3-4], the lab result numbers relied upon by Dr. Fletcher are just barely outside normal ranges for most people and could be at or near baseline markers for Milanovic. Other markers - ones Dr. Fletcher ignores – should be out of range if Milanovic was truly dehydrated but those are within normal ranges.

"unavoidable accident" defense. Defendants choose to ignore their own testimony that the driver is responsible for proper fluid consumption, particularly on a hot day where he was admittedly observant of the heat and problems with the truck's air conditioning unit. Even in a light most favorable to Defendants, if Milanovic was somehow asymptomatic yet dehydrated to the point of sudden incapacitation, a dubious and unproven proposition, Defendants have still conceded that such a condition is "absolutely preventable" and "100 percent avoidable." As such, the unavoidable accident defense is not applicable, and Plaintiff Lundy is entitled to judgment to the full extent of his undisputed damages, $185,978.21, plus attorney's fees pursuant to 12 O.S. § 940.

Respectfully Submitted,

s/ Rodney D. Stewart_____
Rodney D. Stewart
OBA No. 15105
Attorney for Plaintiff Randy Lundy
STEWART LAW FIRM
801 N.W. 63rd Street, Suite 100
Oklahoma City, Oklahoma 73116
Telephone:  (405) 601-6060
Fax:  (405) 254-5118
E-Mail:  rds@rstewartlaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 26, 2023, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to those registered participants of the ECF System.

                                  s/ Rodney D. Stewart_____
                                  Rodney D. Stewart