IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY LUNDY, | ) |
| Plaintiff, | ) |
| -vs- | ) Case No. CIV-22-699-F |
| HL MOTOR GROUP, INC., HIGHLIGHT MOTOR FREIGHT USA, INC., OLD REPUBLIC INSURANCE COMPANY, and OGNJEN MILANOVIC, | ) |
| Defendants. | ) |
| FARMERS MUTUAL FIRE INSURANCE COMPANY OF OKARCHE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-22-752-F |
| HL MOTOR GROUP, INC. and OGNJEN MILANOVIC, | ) |
| Defendants. | ) |

# **ORDER**

On August 8, 2020, Ognjen Milanovic (Milanovic), an employee of defendant HL Motor Group, Inc. (Highlight), was driving a tractor-trailer owned by his employer on the Kilpatrick Turnpike in Oklahoma City. At approximately 4:19

p.m., Milanovic's tractor-trailer left the roadway and collided with residential property owned by Randy Lundy (Lundy) and Earlene Carr. Lundy and Ms. Carr's insurer, Farmers Mutual Fire Insurance Company of Okarche, filed suit claiming Milanovic was negligent in driving his tractor-trailer off the roadway.[1]  They additionally claimed that Highlight is liable for Milanovic's negligent conduct under the doctrine of *respondeat superior*. They further claimed Highlight is liable to them based on its negligent hiring of Milanovic. In response to the claims, Milanovic and Highlight contended they are not liable to Lundy or Farmers, asserting the affirmative defense of unavoidable accident due to a sudden incapacitating illness or unconsciousness.

After conducting discovery, the parties have filed cross-motions for summary judgment under Rule 56, Fed. R. Civ. P.  The primary issue is Milanovic and Highlight's asserted affirmative defense. Under Rule 56(a), Fed. R. Civ. P., "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P. When applying this standard, the court views the evidence and draws reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1148 (10th Cir. 2000).  When the parties file cross motions for summary judgment, as in this case, the court is entitled to "assume that no

---

[1] Lundy and Farmers originally filed suit in state court. Defendants removed the actions to this court based on diversity jurisdiction, 28 U.S.C. § 1332. Lundy seeks to recover property damages of $157,128.21 and lost rental income of $28,850.00. Farmers seeks to recover insurance proceeds paid to Carr in the sum of $137,472.83. Defendants do not challenge the amount sought by Lundy or Farmers.

evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts." *Id*. (quotation omitted); *see also*, Buell Cabinet Co., Inc. v. Sudduth, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

Under Oklahoma law, "[u]navoidable accident by reason of sudden incapacitating illness or unconsciousness, if not foreseeable, is a defense to negligence." Bowers v. Wimberly, 933 P.2d 312, 314 (Okla. 1997). "In order for defendant to be relieved of liability for negligence based on this affirmative defendant, the defendant must prove the sudden unconsciousness that caused the accident and that the attack was not foreseeable." *Id*. (citing Parker v. Washington, 421 P.2d 861, 866 (Okla. 1966).

Upon review, the court concludes that a genuine dispute of material fact exists as to whether Milanovic experienced sudden unconsciousness and whether that sudden unconsciousness was foreseeable. The jury is going to have to hear and consider the evidence as to Milanovic's state of consciousness as the accident unfolded and as to the foreseeability of any unconsciousness he experienced, viewed in light of possible dehydration and other stresses bearing on his physical abilities at the time of the accident. Given some fairly noteworthy evidence as to the state of Milanovic's hydration at the relevant time, it is tempting to rule as a matter of law that he should have recognized the distinct possibility of a loss of consciousness, but the court's evaluation of the record evidence leaves the court just shy of the confidence level needed to rule on that as a matter of law. The court therefore concludes that summary judgment is not appropriate.

Accordingly, the parties' summary judgment motions (doc. nos. 22 and 23 in Case No. CIV-22-699-F and doc. nos. 23 and 25 in Case No. CIV-22-752-F) are **DENIED**.

IT IS SO ORDERED this 10th day of July, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0699p006.docx